

ENTERED
02/22/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GLENN E. JAMES, | ) | CASE NO. 10-37213-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Chapter 13 Fee Application" (Docket No. 33) filed by Jesse Aguinaga, Attorney at Law, P.C., the Debtor's attorney in the above captioned case ("Applicant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the instant application in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Glenn E. James ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 26, 2010. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee. A Chapter 13 plan was confirmed, by order entered November 18, 2010.

In the instant application, Applicant seeks allowance of $4,583.75 in attorney fees.

The time records attached to the instant application reflect that on August 26, 2010, applicant billed eleven separate entries, each for .17 hour at $285 per hour, for these services: "prepared, drafted, filed, and noticed" an ACH C/S, certificate of credit counseling, and response to order requiring filing of payment advices; "prepared and conveyed" cease and desist letters to six creditors and letter to Trustee regarding ACH forms.

>Applicant testified:
>
>THE COURT:
>
>I'd like for you to please specifically address eleven separate entries for .17 hour, at $285 for services identified as prepared, drafted, filed, and noticed an ACH C/S, a certificate of credit counseling, response to order requiring filing of payment advices, and preparing and conveying cease and desist letters to six creditors, as well as a letter to the Trustee.
>
>MR. AGUINAGA:
>
>Yes, Your Honor.  May I proceed?
>
>THE COURT:
>
>Yes.
>
>MR. AGUINAGA:
>
>Yes, Your Honor.  This bankruptcy case was filed in response to potential prepetition foreclosure of mortgage lien by nonjudicial processes, foreclosures of two motor vehicle liens through self-help repossession, and the successful defense of Debtors from Trustee's preconfirmation [sic] to dismiss.  In this process, Your Honor, we also had possible stay violations by two separate car lien holders and other unsecured creditors.  This case also involved the extraordinary processes related to a self-employed debtor.  In filing a bankruptcy proceeding in Chapter 13 to successful confirmation.  This case also involved outstanding

federal tax issues, a federal tax lien, Your Honor, and the analysis, the extraordinary analysis of the federal tax lien in relationship the Debtor's personal property and real property, with a potential cramdown, or objection to that federal tax lien.  There were two amended plans, Your Honor.  The time to get this case to confirmation was 16.18 hours, and the work was done for almost $400 less than contractually agreed to.  In dealing with the itemization of documents filed on behalf of the debtor pursuant to statute, pursuant to statute, local rule, or necessity in defending the debtor, on August 26th, I filed a certificate of service, telling the court, telling the Trustee, telling my client's creditors, that my client had responded and complied with local rule regarding the sending of an ACH debit agreement form, as required by local rule for a self-employed debtor.  I also filed and noticed Debtor's certificate of credit counseling.  The Debtor's, and non-petitioner spouse pay, pardon me, the non-petitioner spouse's pay advice.  She's a police officer in Houston.  I also filed a response or the certification under 521(i) required of self-employed debtors.  My client operates his business on a cash accrual basis.  I also, upon sending of (unintelligible) in this case, Your Honor, it is a standard practice to give actual notice of a bankruptcy proceeding instead of relying on legal notice, which is the court clerk's responsibility, and depending on the factual scenario, defaulted secured creditor, I need to get that notice out.  In this particular case, on August 26th, I sent a notice to the car lien holder, to the second car lien holder, to the mortgagee, Internal Revenue Service, and state child support agencies, and finally the home association.  So these are all secured and priority creditors that could take collection actions against my client in the form of levies, offsets, garnishments, and so on, without receiving proper notice of my client's protection as allowed by the automatic stay.

THE COURT:

Any questions by Mr. Thomas?

MR. THOMAS:

No questions, Your Honor.

(Electronic Recording, Hearing held on February 3, 2011).

## Conclusions of Law

Under Section 330(a)(4)(B), the court may allow to counsel for an individual debtor in a Chapter 13 case "reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."  11 U.S.C. § 330(a)(4)(B).

The other factors set forth in § 330 include:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In the instant case, the services rendered by Applicant on August 26, 2010 include the preparation and sending of letters that should be routine in the practice of bankruptcy law, and often are performed by paraprofessionals or staff members in other law offices.  They do not justify separate time entries of 1/6 hour each, at an attorney's full hourly rate.  Taking into

4

consideration the complexity and importance of the task, the court will allow the equivalent of half an hour of attorney time and half an hour of a reasonable rate for a paralegal, for the services rendered in the eleven time entries addressed. This results in a reduction of the fee in the instant case from $4,583.75 to $4,246.25.

Based on the foregoing, a separate Judgment will be entered granting in part the "Chapter 13 Fee Application" (Docket No. 33) filed by Jesse Aguinaga, Attorney at Law, P.C.

Signed at Houston, Texas on February 22, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE